**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**2/25/2026**

**JEFFREY P. ALLSTEADT, CLERK**

Official Form 417A (12/23)

[Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): Brian Sexton

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
- ☐ Plaintiff
- ☐ Defendant
- ☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
- ☑ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:

Order of Dismissal entered by the Honorable Deborah L. Thorne on February 11, 2026, dismissing Case No. 25-18672 for failure to make plan payments, and prohibiting Debtor from filing a new bankruptcy case in any district of the United States for a period of one year from the date of that Order.

2. State the date on which the judgment—or the appealable order or decree—was entered:
February 11, 2026

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Marilyn O. Marshall, Chapter 13 Trustee     Attorney: Standing Chapter 13 Trustee
Email: courtdocs@chi13.com

**P A I D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

2/25/2026

**JEFFREY P. ALLSTEADT, CLERK**

2. Party: _____     Attorney: _____

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____                Date: _____February 25, 2026_____
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
Brian Sexton
Debtor, Pro Se
540 N. Dearborn St. #10023
Chicago, IL 60610
Phone: (708) 820-8170
Email: bsextoneil@gmail.com

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

In re:

**BRIAN L. SEXTON,**

    Debtor.

---

Case No. 25-18672

Honorable Deborah L. Thorne

Chapter 13 Proceeding

---

## DEBTOR'S NOTICE OF APPEAL

**TO THE BANKRUPTCY APPELLATE PANEL OF THE SEVENTH CIRCUIT**

Debtor Brian L. Sexton, appearing pro se, hereby gives notice pursuant to 28 U.S.C. § 158(a) and Federal Rules of Bankruptcy Procedure 8002 and 8003 that he appeals to the Bankruptcy Appellate Panel of the Seventh Circuit ("BAP") from the following Order of the United States Bankruptcy Court for the Northern District of Illinois:

**Order Being Appealed:**

Order of Dismissal entered by the Honorable Deborah L. Thorne on February 11, 2026, dismissing Case No. 25-18672 for failure to make plan payments, and prohibiting Debtor from

filing a new bankruptcy case in any district of the United States for a period of one year from the date of that Order.

**Names of Parties to the Appeal:**

Appellant/Debtor:   **Brian Sexton**

Debtor, Pro Se
540 N. Dearborn St. #10023
Chicago, IL 60610
Phone: (708) 820-8170
Email: bsextoneil@gmail.com

Appellee/Trustee:  Marilyn O. Marshall courtdocs@chi13.com

## II. ISSUES PRESENTED ON APPEAL

Debtor-Appellant presents the following issues for review by the Bankruptcy Appellate Panel:

1.  Whether the Bankruptcy Court abused its discretion in dismissing the Chapter 13 case for failure to make plan payments without first holding an adequate hearing at which Debtor had a full and fair opportunity to present evidence of his financial circumstances, including the impact of the ongoing domestic relations proceeding in the Circuit Court of Cook County, Illinois.

2.  Whether the Bankruptcy Court's imposition of a one-year bar on refiling in any district of the United States pursuant to 11 U.S.C. § 109(g)(1) was supported by an adequate factual record and constituted an abuse of discretion, where the refiling bar is a discretionary sanction that must be proportionate to the circumstances.

2

3.   Whether the automatic stay provisions of 11 U.S.C. § 362 were properly analyzed in connection with the January 28, 2026 Order confirming no stay was in effect, where the underlying domestic relations proceeding in Cook County involved claims that may implicate the estate.

4.   Whether the Bankruptcy Court committed reversible error in failing to consider and apply 11 U.S.C. § 1307(c), which sets forth the statutory grounds and procedures for involuntary dismissal of a Chapter 13 case, including the opportunity to cure any default prior to dismissal.

### III. BASIS FOR APPEAL AND STATEMENT OF GROUNDS

This appeal is taken on the following grounds:

**A. The Dismissal Order Is a Final, Appealable Order.**

An order dismissing a bankruptcy case is a final order subject to immediate appeal as of right. In re Porges, 44 F.3d 159, 162 (2d Cir. 1995); In re Lindsey, 122 F.3d 546, 547 (8th Cir. 1997). Accordingly, this Court has jurisdiction under 28 U.S.C. § 158(a)(1) to hear this appeal as of right, without leave of court.

**B. The One-Year Refiling Bar Is Independently Appealable and Constitutes Abuse of Discretion.**

The one-year refiling bar imposed under 11 U.S.C. § 109(g)(1) is a severe sanction with significant practical consequences. Under § 109(g)(1), a debtor who willfully fails to abide by orders of the court, or to appear before the court in proper prosecution of the case, may be barred from refiling for 180 days. However, the imposition of a full one-year bar, particularly one that

3

extends across all districts in the United States, requires a more particularized factual finding than a routine dismissal for payment default. In re Smith, 582 B.R. 795, 800 (Bankr. N.D. Ill. 2018). Where, as here, the Debtor's inability to make plan payments arose from extraordinary circumstances including the pendency of a multi-year dissolution of marriage proceeding that imposed significant financial burdens on Debtor, the one-year bar may be disproportionate and an abuse of discretion.

**C. The Bankruptcy Court Failed to Properly Apply the Cure Provisions of 11 U.S.C. § 1307(c).**

Prior to dismissing a Chapter 13 case for default in plan payments, the Bankruptcy Court is required to provide the debtor with notice and an opportunity to cure the default or to seek modification of the plan. 11 U.S.C. § 1307(c); Fed. R. Bankr. P. 3015(g). The Seventh Circuit has recognized that Chapter 13 debtors are entitled to procedural protections before dismissal. In re Doyle, 209 F.3d 882, 885 (7th Cir. 2000). To the extent that the Court dismissed the case without affording Debtor a meaningful opportunity to propose a modified plan or demonstrate good cause for the payment default, the dismissal constitutes error.

## IV. RELIEF REQUESTED

Debtor-Appellant Brian L. Sexton respectfully requests that the Bankruptcy Appellate Panel:

1. Accept and docket this Notice of Appeal;

2. Review and reverse the Order of Dismissal entered February 11, 2026;

3. Vacate or reduce the one-year refiling bar imposed by the Dismissal Order;

4

4. Remand the case to the Bankruptcy Court with instructions to allow Debtor an opportunity to cure plan payment defaults or to seek modification of the Chapter 13 plan; and

5. Grant such other and further relief as the Panel deems just and proper.

**TIMELINESS NOTE:** The Order of Dismissal was entered on February 11, 2026. Pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1), this Notice of Appeal must be filed within 14 days of the date of entry of the Order. The 14-day deadline falls on February 25, 2026 — the date of filing of this Notice. This Notice is therefore timely filed.

Respectfully submitted,

**Brian Sexton**
Debtor, Pro Se
540 N. Dearborn St. #10023
Chicago, IL 60610
Phone: (708) 820-8170
Email: bsextoneil@gmail.com

Date: February 25, 2026

---

## CERTIFICATE OF SERVICE

I, Brian L. Sexton, hereby certify that on February 25, 2026, I filed the foregoing Notice of Appeal with the Clerk of the United States Bankruptcy Court for the Northern District of

5

Illinois, and served a copy of same upon the Standing Chapter 13 Trustee and all parties of record in this proceeding by electronic mail and/or first-class United States mail, postage prepaid.

Brian Sexton
Debtor, Pro Se
540 N. Dearborn St. #10023
Chicago, IL 60610
Phone: (708) 820-8170
Email: bsextoncil@gmail.com

(Service via ECF)
Kristin J. Conwell      KristinConwell@hsbattys.com, hbm@ecf.courtdrive.com; bankruptcy@hsbattys.com
Marilyn O. Marshall   courtdocs@chi13.com
Brian L. Sexton bsextoneil@gmail.com
Jeffrey K. Paulsen    jpaulsen@ph-firm.com

Non-Registrants
(Service via First Class U.S. Mail) See attached service list.

| Name | Address1 | Address2 | Address3 | Address4 | Adddress5 |
|---|---|---|---|---|---|
| JPMorgan Chase Bank, National Association | c/o Heavner, Beyers & Mihlar, LLC | 601 East William Street | Decatur, IL 62523-1142 | | |
| Missouri Department of Revenue | Bankruptcy Unit | P.O. Box 475 | Jefferson City, MO 65105-0475 | | |
| U.S. Bankruptcy Court | Eastern Division | 219 S Dearborn | 7th Floor | Chicago, IL 60604-1702 | |
| American Express | PO Box 297858 | Ft Lauderdale, FL 33329-7858 | | | |
| American Express National Bank | C/O Becket and Lee LLP | PO Box 3001 | Malvern, PA 19355-0701 | | |
| Birnbaum, Haddon, Gelfman & Arnoux LLC | 180 North La Selle Street | 37th Floor | Chicago, IL 60601-2809 | | |
| Capital One | Attn: General Correspondence | PO Box 30285 | Salt Lake City, UT 84130-0285 | | |
| Capital One N.A. | by AIS InfoSource LP as agent | PO Box 71083 | Charlotte, NC 28272-1083 | | |
| Claremont Design | 2900 Verona Rd | Mission Hills, KS 66208-1273 | | | |
| Commonwealth Edison Co | 3 Lincoln Center | Attn: Bankruptcy Section | Oak Brook Terrace IL 60181-4204 | | |
| Davis Friedman LLP | 135 5. LaSelle St. | 36th Floor | Chicago, IL 60610 | | |
| EuroInvest Limited | 2900 Verona Rd | Shawnee Mission KS 66208-1273 | | | |
| Goji Berry LLC | PO Box 10499 | Chiacgo, IL 60610-0499 | | | |
| JPMorgan Chase Bank NA | BANKRUPTCY MAIL INTAKE TEAM | 700 KANSAS LANE FLOOR 01 | MONROW, LA 71203-4774 | | |
| JPMorgan Chase Bank, N.A. | 38 W 9th St., Apt. 9 | Illinois, NY 10011-8914 | | | |
| JPMorgan Chase Bank, National Association | Chase Records Center | Attn: Correspondence Mail | Mail Code LA4-5555 | 700 Kansas Lane Monroe, LA 71203-4774 | |
| Jamila Aldasheva | 23 W Chicago Ave | Unit 4802 | Chicago, IL 60654-3220 | | |
| Jamison Sexton | Jebel Ali Free Zone | JAFZA Building IS, Room 602 | PO Box 261001 | Dubai, UAE | |
| Konicek & Dillon, PC | 21 W State St | Geneva, IL 60134-2238 | | | |
| Kristen Serna | Hammer Serna Quinn | 77 W Wacker Drive #4500 | Chicago, IL 60601-1680 | | |
| LNVN Funding, LLC | Resurgent Capital Services | PO Box 10587 | Greenville, SC 29603-0587 | | |

6