UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**3/06/2026**

**JEFFREY P. ALLSTEADT, CLERK**

In re:

BRIAN SEXTON,
Debtor.

Case No. 25-18672
Chapter 13
Hon. Nancy A. Peterman

---

## NOTICE OF HEARING ON DEBTOR'S EMERGENCY MOTION FOR STAY PENDING APPEAL PURSUANT TO FRBP 8007(a)

PLEASE TAKE NOTICE that Debtor Brian Sexton, appearing pro se, has filed an Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007(a) (the **"Emergency Motion"**), and that the Court has set the Emergency Motion for hearing on the following date and time:

**HEARING DATE:**  March 10, 2026

**HEARING TIME:**  11:00 a.m. (Central Time)

**COURTROOM:**  Room 742

**LOCATION:**  Everett McKinley Dirksen U.S. Courthouse
219 S. Dearborn Street, Chicago, Illinois 60604

**REMOTE APPEARANCE (ZoomGov):**

Parties may appear remotely via ZoomGov. To join the hearing by ZoomGov, use the following information:

**Join by Website:**  https://www.zoomgov.com/join

**Meeting IDMeeting ID: 161 736 1962**
**Passcode: 673499**

---

## NATURE OF EMERGENCY MOTION

The Emergency Motion seeks a stay pending appeal of this Court's Order of Dismissal entered February 11, 2026, which dismissed Debtor's Chapter 13 case (Case No. 25-18672) and imposed a one-year nationwide refiling bar under 11 U.S.C. § 109(g)(1). Specifically, Debtor requests an Order: (a) granting a stay of the Dismissal Order pending appeal; (b) staying enforcement of the one-year refiling bar during the pendency of the appeal; (c) restoring the automatic stay protections of 11 U.S.C. § 362 to the extent filed stay of the Dismissal Order has that legal effect; and (d) waiving or minimizing any bond requirement.

## OBJECTIONS

1

**ANY PARTY WISHING TO OBJECT TO THE EMERGENCY MOTION MAY RAISE ANY SUCH OBJECTIONS IN WRITING OR ORALLY PRIOR TO OR AT THE HEARING SCHEDULED FOR MARCH 10, 2026.**

## SERVICE

This Notice has been served on all parties of record via CM/ECF electronic notification and/or First Class U.S. Mail as reflected in the Certificate of Service below.

Respectfully submitted,

Brian Sexton
Debtor, Pro Se
540 N. Dearborn St. #10023
Chicago, Illinois 60610
Phone: (708) 820-8170
Email: bsextoneil@gmail.com
Date: March 6, 2026

---

## CERTIFICATE OF SERVICE

I, Brian Sexton, hereby certify that on March 6, 2026, I filed the foregoing Notice of Hearing with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois via CM/ECF and served copies upon the following parties by electronic mail (for CM/ECF registrants) and by First Class U.S. Mail (for non-registrants), postage prepaid:

**Via CM/ECF / Electronic Mail:**

Marilyn O. Marshall, Chapter 13 Trustee — courtdocs@chi13.com
Kristin J. Conwell — KristinConwell@hsbattys.com; hbm@ecf.courtdrive.com; bankruptcy@hsbattys.com
Jeffrey K. Paulsen — jpaulsen@ph-firm.com
All CM/ECF registered parties

**Via First Class U.S. Mail:**

All non-registrant creditors at addresses set forth in the service list filed with the Notice of Appeal on February 25, 2026.

Brian L. Sexton
Debtor, Pro Se
540 N. Dearborn St. #10023
Chicago, Illinois 60610
Date: March 6, 2026

2

**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**3/06/2026**

**JEFFREY P. ALLSTEADT, CLERK**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF ILLINOIS<br>EASTERN DIVISION | Case No. 25-18672<br>Hon. Deborah L. Thorne<br>Chapter 13 |
| In re: | |
| BRIAN SEXTON, | |
| Debtor. | |

## DEBTOR'S EMERGENCY MOTION FOR STAY PENDING APPEAL
## PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8007(a)

Debtor Brian Sexton, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Bankruptcy Procedure 8007(a) for a stay pending appeal of this Court's Order of Dismissal entered February 11, 2026 ('Dismissal Órder'). In support, Debtor states:

### BACKGROUND

1. On February 11, 2026, this Court entered the Dismissal Order dismissing Debtor's Chapter 13 case (Case No. 25-18672) for failure to make plan payments and imposing a one-year nationwide refiling bar under 11 U.s.c. 109(g)(1).

2. On February 25, 2026, Debtor timely filed a Notice of Appeal pursuant to FRBP 8002 and 8003, electing review by the United States District Court for the Northern District of Illinois pursuant to 28 U.s.c. 158(c)(1).

3. The appeal raises four substantial issues: (a) whether Debtor received an adequate hearing before dismissal; (b) whether the one-year refiling bar is an abuse of discretion under 11 U.S.C. 109(g)(1); (c) whether the January 28, 2026 no-stay order was properly analyzed; and (d) whether the Court failed to apply the cure provisions of 11 U.S.C. 1307(c).

4. As required by FRBP 8007(a), Debtor moves this Court in the first instance for a stay before seeking relief from the District Court. Fuli factual and legal support is set forth in the accompanying Memorandum of Law and Declaration of Brian L. Sexton, incorporated by reference.

### STANDARD

A stay pending appeal requires satisfaction of four factors: (1) likelihood of success on the merits; (2) irreparable injury absent a stay; (3) no substantial harm to other parties; and (4) no harm to the public interest. Hilton V. Braunskill, 481 U.S. 770, 776 (1987); In re Forty-Eight Insulations, Inc., 115 B.R. 373 (Bankr. N.D. Ill. 1990). All four factors are met here.

## GROUNDS FOR STAY

1 Likelihood of Success. The appeal raises substantial legal questions regarding procedural due process, the proportionality of the one-year refiling bar, and the failure to apply 1307(c)'s mandatory cure opportunity. These arc not frivolous issues. See In re Smith, 582 B.R. 795, 800 (Bankr. N.D. Ill. 2018) (requiring particularized findings for extended refiling bar); In re Doyle, 209 F.3d 882, 885 (7th Cir. 2000) (Chapter 13 debtors entitled to procedural protections before dismissal).

2 Irreparable Harm. Without a stay, Debtor faces immediate enforcement of a Judgment for Dissolution of Marriage entered February 23, 2026 (Cook County Case No. 2019 D 002943) imposing retroactive child support, maintenance, and property obligations. Simultaneously, multiple creditors will resume collection activities. The one-year refiling bar forecloses any new filing to obtain a breathing spell. These harms are non-compensable on appeal.

3 No Harm to Other Parties. The Chapter 13 Trustee and creditors occupied this position during the entire pendency of the bankruptcy. A temporary stay pending appeal merely maintains the status quo. The Trustee hoids no estate assets to distribute, eliminating any urgency for adverse parties.

4 Public Interest. The public interest is served by ensuring that bankruptcy courts apply mandatory procedural safeguards before dismissing cases and imposing filing bans, and that sanctions are proportionate. The public has a strong interest in the integrity of the bankruptcy process.

5 No Bond Required / Minimal Bond. Debtor is an individual pro se litigant with limited resources. The Court has discretion to waive or minimize any bond requirement where, as here, requiring a substantial bond would effectively deny Debtor's right to appeal.

## RELIEF REQUESTED

WHEREFORE, Debtor Brian Sexton respectfully requests that this Court enter an Order:

a Granting a stay pending appeal of the February 11, 2026 Order of Dismissal;

b Staying enforcement of the one-year refiling bar during the pendency of the appeal;

c Restoring the protections of the automatic stay under 11 u.ś.c. 362 to the extent the stay of the Dismissal Order has that legal effect;

d Waiving or minimizing any bond requirement; and

e Granting such other relief as this Court deems just and proper.

Respectfully submitted

Brian Sexton

2

Debtor, Pro Se
540 N. Dearborn St. #10023
Chicago, IL 60610
Phone: (708) 820-8170
Email: bsextoneil@gmail.com
Date: March 5, 2026