**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**3/08/2026**

**JEFFREY P. ALLSTEADT, CLERK**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **Brian Sexton**, | Bankruptcy No. 25-18672 |
| Debtor. | Hon. Nancy A. Peterman |

**NOTICE OF DEBTOR'S EMERGENCY MOTION TO RECONSIDER AND REVERSE: (1) ORDER CONFIRMING NO STAY (EXHIBIT G — DOC. 92, JANUARY 28, 2026); (2) ORDER OF DISMISSAL WITH ONE-YEAR BAR (EXHIBIT H — DOC. 111, FEBRUARY 11, 2026); TO REINSTATE CASE WITH AUTOMATIC STAY PROTECTION; AND TO DECLARE ALL INTERVENING CREDITOR ACTIONS VOID UPON NEWLY DISCOVERED EVIDENCE**

**To:** See attached list.

**Please take notice** that, on March **10, 2026, at 11 a.m.**, Brian Sexton (debtor) has filled papers with the court to **NOTICE OF DEBTOR'S EMERGENCY MOTION TO RECONSIDER AND REVERSE: (1) ORDER CONFIRMING NO STAY (EXHIBIT G — DOC. 92, JANUARY 28, 2026); (2) ORDER OF DISMISSAL WITH ONE-YEAR BAR (EXHIBIT H — DOC. 111, FEBRUARY 11, 2026); TO REINSTATE CASE WITH AUTOMATIC STAY PROTECTION; AND TO DECLARE ALL INTERVENING CREDITOR ACTIONS VOID UPON NEWLY DISCOVERED EVIDENCE**

I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, **either** in courtroom 742 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, **or** electronically as described below, and present **NOTICE OF DEBTOR'S EMERGENCY MOTION TO RECONSIDER AND REVERSE: (1) ORDER CONFIRMING NO STAY (EXHIBIT G — DOC. 92, JANUARY 28, 2026); (2) ORDER OF DISMISSAL WITH ONE-YEAR BAR (EXHIBIT H — DOC. 111, FEBRUARY 11, 2026); TO REINSTATE CASE WITH AUTOMATIC STAY PROTECTION; AND TO DECLARE ALL INTERVENING CREDITOR ACTIONS VOID UPON NEWLY DISCOVERED EVIDENCE** a copy of which is attached.

Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and passcode.** The meeting ID is 161 736 1962 and the Passcode: 673499. Join by Website: https://www.zoomgov.com/join

1

**ANY PARTY WISHING TO OBJECT TO THE EMERGENCY MOTION MAY RAISE ANY SUCH OBJECTIONS IN WRITING OR ORALLY PRIOR TO OR AT THE**

Brian Sexton
By: /s/
540 N. Dearborn St. #10023
Chicago, IL 60610
bsextoneil@gmail.com

Dated:  March  8, 2026

CERTIFICATE OF SERVICE

I, Brian Sexton,

___, an attorney, certify

—or—

☒  a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on

March 8, 2026.

/s/
Brian Sexton
540 N. Dearborn St. #10023
Chicago, IL 60610
bsextoneil@gmail.com

SERVICE LIST

Registrants
(Service via ECF)
Kristin J. Conwell          KristinConwell@hsbattys.com,
                            hbm@ecf.courtdrive.com;
                            bankruptcy@hsbattys.com
Marilyn O. Marshall         courtdocs@chi13.com
Brian L. Sexton             bsextoneil@gmail.com
Jeffrey K. Paulsen          jpaulsen@ph-firm.com

2

## Non-Registrants

### (Service via First Class U.S. Mail)

See attached service list.

| Name | Address1 / Address4 | Address2 / Adddress5 | Address3 |
|---|---|---|---|
| JPMorgan Chase Bank, National Association LLC | c/o Heavner, Beyers & Mihlar, 601 East William Street | Decatur, IL 62523-1142 Missouri Department of | |
| Revenue MO 65105-0475 | Bankruptcy Unit | P.O. Box 475 | Jefferson City, |
| U.S. Bankruptcy Court | Eastern Division | 219 S Dearborn | 7th |
| Floor | Chicago, IL 60604-1702 American Express | | PO Box |
| 297858 | Ft Lauderdale, FL 33329-7858 | | |
| American Express National Bank | C/O Becket and Lee LLP | PO Box 3001 | Malvern, PA |
| 19355-0701 Birnbaum, Haddon, Gelfman & Arnoux LLC | | 180 North La Selle Street | 37th |
| Floor | Chicago, IL 60601-2809 Capital | | |
| One | Attn: General Correspondence | PO Box 30285 | Salt Lake City, |
| UT 84130-0285 | | | |
| Capital One N.A. 28272-1083 | by AIS InfoSource LP as agent | PO Box 71083 | Charlotte, NC |
| Claremont Design | 2900 Verona Rd | Mission Hills, KS 66208-1273 | |
| Commonwealth Edison Co | 3 Lincoln Center | Attn: Bankruptcy Section | Oak Brook |
| Terrace IL 60181-4204 Davis Friedman LLP 60610 | 135 S. LaSelle St. | 36th Floor | Chicago, IL |
| EuroInvest Limited | 2900 Verona Rd | Shawnee Mission KS 66208-1273 | |
| Goji Berry LLC | PO Box 10499 | Chiacgo, IL 60610-0499 | |
| JPMorgan Chase Bank NA 71203-4774 | BANKRUPTCY MAIL INTAKE TEAM | 700 KANSAS LANE FLOOR 01 | MONROW, LA |
| JPMorgan Chase Bank, N.A. | 38 W 9th St., Apt. 9 | Illinois, NY 10011-8914 | |
| JPMorgan Chase Bank, National Association | Chase Records Center | Attn: Correspondence Mail | Mail Code |
| LA4-5555 | 700 Kansas Lane | Monroe, LA 71203-4774 Jamila Aldasheva | |
| | 23 W Chicago Ave | Unit 4802 | Chicago, IL |
| 60654-3220 | | | |
| Jamison Sexton | Jebel Ali Free Zone Dubai, UAE | JAFZA Building IS, Room 602 | PO Box 261001 |
| Konicek & Dillon, PC | 21 W State St | Geneva, IL 60134-2238 | |
| Kristen Serna 60601-1680 | Hammer Serna Quinn | 77 W Wacker Drive #4500 | Chicago, IL |
| LNVN Funding, LLC 29603-0587 | Resurgent Capital Services | PO Box 10587 | Greenville, SC |
| Merel Family Law 60601-6818 | Two Prudential Plaza | 180 N. Stetson | Chicago, IL |
| National Green Gas, LLC | 82579 Fleming Way | Indio, CA 92201-1603 The Law Office of James | |
| Hanauer 16810 | 600 W. Roosevelt, Rd. Suite 81 Newark, NJ 07101-6810 | Wheaton, IL 60187-2302 Verizon Wireless PO Box | |
| Brian L Sexton 60610-1001 | 540 N. Dearborn St. | | 10023 Chicago, IL |
| Marilyn O Marshall | 224 South Michigan Ste 800 | Chicago, IL 60604-2503 | |

3

**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**3/08/2026**

**JEFFREY P. ALLSTEADT, CLERK**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **BRIAN L. SEXTON,** | Bankruptcy No. 25-18672 |
| Debtor. | |
| | Hon. Nancy A. Peterman |
| | United States Bankruptcy Judge |

**DEBTOR'S EMERGENCY MOTION TO RECONSIDER AND REVERSE:**
**(1) ORDER CONFIRMING NO STAY (EXHIBIT G — DOC. 92, JANUARY 28, 2026);**
**(2) ORDER OF DISMISSAL WITH ONE-YEAR BAR (EXHIBIT H — DOC. 111, FEBRUARY 11, 2026);**
**TO REINSTATE CASE WITH AUTOMATIC STAY PROTECTION;**
**AND TO DECLARE ALL INTERVENING CREDITOR ACTIONS VOID**
**UPON NEWLY DISCOVERED EVIDENCE**

---

NOW COMES the Debtor, Brian Sexton ("Debtor"), pro se, and respectfully moves this Court pursuant to Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60(b)), 11 U.S.C. § 105(a), 11 U.S.C. § 362(a), and 11 U.S.C. § 362(c)(4)(B), to reconsider and reverse: (1) the Order Confirming No Stay Is In Effect (Exhibit G — Doc. 92, January 28, 2026); and (2) the Order of Dismissal With One-Year Bar to Refiling (Exhibit H — Doc. 111, February 11, 2026); and to reinstate this case with the automatic stay in full effect, based upon newly discovered evidence appearing on this Court's own docket and the predecessor case docket. In support thereof, Debtor states:

## I. INTRODUCTION AND EXECUTIVE SUMMARY

This Emergency Motion addresses two court orders, both flowing from the same erroneous factual predicate: the incorrect assumption that prior case no. 25-20382-can13 (Western District of Missouri) was "dismissed" within the meaning of 11 U.S.C. § 362(c)(4). That predicate is demonstrably false.

Case no. 25-20382-can13 was temporarily dismissed on September 16, 2025 for a technical administrative deficiency (a credit counseling certificate showing the wrong district). That dismissal was vacated in its entirety by the Honorable Cynthia A. Norton on October 6, 2025 (Exhibit F). A vacated dismissal is void ab initio — as if it never occurred. The case was reinstated and transferred to this Court under 28 U.S.C. § 1412, renumbered as case no. 25-18672. A transferred case is a continuing proceeding, not a dismissed case.

1

The newly discovered evidence is organized as follows:

**a. Exhibit A** (Bankruptcy Petition): Establishes the original filing and arising of the automatic stay on August 22, 2025.

**b. Exhibits B and C** (Show Cause Orders, August 22, 2025): Confirm active judicial case management from the filing date; deficiencies were technical.

**c. Exhibit D** (Official Form 309I, August 27, 2025): CRITICAL EVIDENCE — Official court document expressly stating the automatic stay was in effect, mailed by the Clerk to all creditors including Aldasheva on August 25, 2025.

**d. Exhibit E** (Show Cause Order, October 8, 2025): Confirms active case management following the October 6, 2025 reinstatement.

**e. Exhibit F** (Order Vacating Dismissal, October 6, 2025): CRITICAL EVIDENCE — Proves case 25-20382-can13 was reinstated and never finally dismissed for purposes of § 362(c)(4). Aldasheva received official court notice of this reinstatement.

**f. Exhibit G** (Doc. 92, January 28, 2026): The no-stay order, challenged herein. Entered on an incorrect factual premise.

**g. Exhibit H** (Doc. 111, February 11, 2026): The dismissal and one-year bar, challenged herein. The direct downstream consequence of the erroneous Exhibit G.

## II. FULL PROCEDURAL BACKGROUND

### A. Original Filing and Automatic Stay — August 22, 2025 (Exhibits A, B, C, D)

**1.** On August 22, 2025, Debtor filed a Chapter 13 petition in the Western District of Missouri, assigned case no. 25-20382-can13 before Chief Bankruptcy Judge Cynthia A. Norton. (**Exhibit A.**)

**2.** Upon filing, an automatic stay arose pursuant to 11 U.S.C. § 362(a). Judge Norton issued Doc. 2 (Order to Show Cause re: filing deficiencies) (Exhibit B) and Doc. 11 (Amended Order to Show Cause) (Exhibit C) on the same day, both confirming active judicial case management from the day of filing. The deficiencies identified in Exhibits B and C were technical and administrative in nature.

**3.** On August 27, 2025, the Clerk of the Western District of Missouri issued Official Form 309I — Notice of Chapter 13 Bankruptcy Case, Doc. 13 (**Exhibit D**). The notice stated in bold: "The filing of the case imposed an automatic stay against most collection activities." The Certificate of Notice confirms Aldasheva was mailed this official notice on August 25, 2025.

2

> *"The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees."*

**Exhibit D** is official court documentation — not prepared by Debtor — confirming the stay was in effect. It is the evidence this Court stated would require immediate reversal of the no-stay ruling.

## B. Temporary Dismissal and Immediate Vacatur — September–October 2025 (Exhibits E, F)

**4.** On September 16, 2025, Judge Norton temporarily dismissed case no. 25-20382-can13 because the credit counseling certificate showed the wrong judicial district — a purely technical deficiency, not a substantive failure.

**5.** On October 6, 2025, Judge Norton entered the Order Vacating the Dismissal and Reinstating the Case (**Exhibit F** — Doc. 42 in case 25-20382-can13). The Certificate of Notice attached to Exhibit F confirms Aldasheva was mailed this reinstatement order on October 9, 2025 at 23 W. Chicago Ave., Unit 4802, Chicago, IL 60654.

> *"Order of the Court Vacating the Dismissal and reinstating the case for debtor(s) Brian L. Sexton. The Clerk is directed to reschedule the First Meeting of Creditors, if needed, and all applicable deadlines."*

A vacated dismissal is void ab initio. It is as if the dismissal never occurred. Case 25-20382-can13 continued as an active proceeding from its original August 22, 2025 filing date.

**6.** On October 8, 2025, two days after reinstatement, Judge Norton issued Doc. 40 — Order to Show Cause re: Credit Counseling Certificate (**Exhibit E**), requiring a corrected certificate showing the proper district. This confirms the case was actively managed post-reinstatement.

## C. Transfer to This Court — December 2025

**7.** Following reinstatement, case 25-20382-can13 was transferred to the Northern District of Illinois pursuant to 28 U.S.C. § 1412 and renumbered as case no. 25-18672. A transfer is a continuation of the same proceeding in a new venue; it is not a dismissal. The automatic stay arising August 22, 2025 continued throughout.

**8.** On December 11, 2025, this Court's Clerk issued the official Notice of Chapter 13 Bankruptcy Case (Doc. 80), served via BNC (Doc. 81), again confirming the automatic stay. Debtor filed a Chapter 13 plan, appeared at the Meeting of Creditors on January 6, 2026, and cooperated with Standing Trustee Marilyn O. Marshall. A confirmation hearing was set for February 11, 2026.

## D. The Erroneous No-Stay Order — Exhibit G (Doc. 92, January 28, 2026)

**9.** On January 20, 2026, Aldasheva filed a Motion to Confirm Termination or Absence of Stay (Doc. 82), incorrectly counting case 25-20382-can13 as a dismissed case. Debtor filed a Notice of Objection (Doc. 87, January 27, 2026) and an Application to Set Hearing (Doc. 88, January 28, 2026). The Application was denied (Doc. 90). Upon information and belief, at the hearing on January 28, 2026, this Court stated that if there were evidence of a prior bankruptcy stay on the court docket, the Court would immediately reverse the order. Exhibit D is that exact evidence.

**10.** On January 28, 2026, this Court entered the Order Granting Aldasheva's Motion to Confirm That No Stay Is In Effect (**Exhibit G** — Doc. 92): "Pursuant to 11 U.S.C. § 362(c)(4), the automatic stay is not in effect in the above-captioned case." This order is challenged.

**E. The Dismissal With One-Year Bar — Exhibit H (Doc. 111, February 11, 2026)**

**11.** With no stay in effect following **Exhibit G**, Aldasheva and other creditors were free to pursue unconstrained collection against Debtor and the bankruptcy estate during the 14-day period from January 28, 2026 through February 11, 2026. This directly impaired Debtor's ability to demonstrate plan payment compliance at the February 11, 2026 confirmation hearing.

**12.** On February 11, 2026, this Court entered the Order Granting Aldasheva's Motion to Dismiss This Bankruptcy Case With a One-Year Bar to Refiling (**Exhibit H** — Doc. 111):

> ***"1. The motion is granted. 2. The above captioned case is dismissed as the Debtor has repeatedly filed cases and failed to make payments on a regular basis. 3. Brian Sexton is prohibited from filing another bankruptcy case in any district of the United States until one year from the date of this order."***

**13.** The Notice of Dismissal was issued February 12, 2026 by Clerk Jeffrey P. Allsteadt and served on all 29 recipients. This order is also challenged.

## III. NEWLY DISCOVERED EVIDENCE

**A. Exhibit F Proves Case 25-20382 Was Never Finally Dismissed**

**14. Exhibit F** is the Order Vacating the Dismissal and Reinstating the Case, entered October 6, 2025 by Judge Norton. It was not presented to this Court when it ruled on Doc. 82 or Doc. 84. The Certificate of Notice attached to Exhibit F confirms Aldasheva was mailed notice of reinstatement on October 9, 2025. Accordingly, when Aldasheva filed her motion claiming no stay existed, she had actual court-confirmed knowledge that case 25-20382 had been reinstated.

**15.** Only two prior cases meet the definition of "dismissed" under § 362(c)(4): Case 24-14852 (N.D. Ill., dismissed approx. January 14, 2025) and Case 25-09774 (N.D. Ill., dismissed September 17, 2025). Case 25-20382/25-18672 is the current case and cannot be counted as a prior dismissed case.

**B. Exhibit D Satisfies the Court's Stated Condition for Reversal**

4

**16. Exhibit D** is Official Form 309I, issued August 27, 2025 by the Clerk of the Western District of Missouri (Doc. 13 in case 25-20382-can13). It is official court documentation—not prepared by Debtor—expressly stating the automatic stay was in effect. The Certificate of Notice confirms Aldasheva was mailed this notice. This Court stated at the January 28, 2026 hearing it would reverse the no-stay order upon presentation of prior-stay evidence from the court docket. **Exhibit D is that evidence.**

### C. Exhibits A, B, C, and E Corroborate Active Good-Faith Proceedings

**17. Exhibits A through C** (petition and Show Cause orders, August 22, 2025) and **Exhibit E** (Show Cause order post-reinstatement, October 8, 2025) collectively confirm case 25-20382-can13 was an active, court-supervised proceeding throughout. Technical deficiencies were identified and addressed, demonstrating good faith rather than abuse.

### D. Exhibit H Is the Direct Consequence of Exhibit G

**18.** The 14-day window between **Exhibit G** (January 28, 2026) and **Exhibit H** (February 11, 2026) was a period during which Debtor had no stay protection. Creditors were free to pursue simultaneous collection, disrupting the conditions for a viable confirmation hearing. The Court's finding in Exhibit H that Debtor "failed to make payments on a regular basis" must be read in this context. Correcting Exhibit G necessarily requires correcting Exhibit H as its foreseeable consequence.

## IV. LEGAL STANDARDS FOR RECONSIDERATION

### A. Rule 60(b)(2) — Newly Discovered Evidence

**19.** FRBP 9024 incorporates Fed. R. Civ. P. 60(b), which authorizes relief for "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." All five elements are met:

    **a. Timing**: The evidentiary significance of Exhibits D and F as conclusive proof satisfying the Court's stated standard for reversal was identified after entry of both Exhibits G and H.

    **b. Due Diligence**: As a pro se litigant without legal training, Debtor diligently researched following the back-to-back adverse orders and identified the official court documents constituting this evidence.

    **c. Not Cumulative**: Exhibit F (Vacatur Order) and Exhibit D (Form 309I) were not presented at the hearings on Docs. 82 or 84. They are not cumulative of any prior submission.

    **d. Materiality**: Exhibits D and F directly negate the factual foundation for both Exhibit G and Exhibit H.

**e. Different Result**: This Court stated it would reverse upon presentation of prior-stay evidence from the docket. Exhibit D is that evidence. Without the erroneous Exhibit G, Exhibit H would not have been entered.

## B. Rule 60(b)(6) and 11 U.S.C. § 105(a)

**20.** Relief under Rule 60(b)(6) prevents manifest injustice. See Klapprott v. United States, 335 U.S. 601 (1949). Allowing a one-year bar (Exhibit H) to stand when it was the foreseeable consequence of an order (Exhibit G) based on a factually incorrect premise — disproven by official court records (Exhibits D and F) — is precisely the manifest injustice Rule 60(b)(6) guards against. Section 105(a) independently empowers this Court to issue any order necessary to carry out the provisions of the Bankruptcy Code, including correcting its own prior orders entered without full material evidence.

## V. EXHIBIT G MUST BE REVERSED — § 362(c)(4) DOES NOT APPLY

**21.** Section 362(c)(4)(A)(i) provides the stay does not go into effect if "2 or more single or joint cases of the debtor were pending within the previous year but were dismissed." (Emphasis added.) The phrase "were dismissed" requires prior, completed dismissals of cases separate from the current case.

**22.** As proven by **Exhibit F**, case 25-20382-can13 was not dismissed — it was reinstated and transferred. As confirmed by **Exhibit D**, the automatic stay was explicitly in effect. Only Cases 24-14852 and 25-09774 were dismissed, and the current case cannot be counted as its own prior dismissed case.

**23.** Aldasheva's motion (Doc. 82) improperly treated the current case as a third dismissed case. That characterization fails on two independent grounds: (a) Exhibit F demonstrates reinstatement, not dismissal; and (b) the current case cannot be a "prior dismissed case" for purposes of evaluating the stay in itself.

## VI. EXHIBIT H MUST BE REVERSED — DISMISSAL AND ONE-YEAR BAR ARE IMPROPER

### A. Exhibit H Is the Proximate Consequence of the Erroneous Exhibit G

**24.** The Court dismissed this case based in part on failure to make payments on a regular basis. But Debtor's ability to maintain plan payments during January 28–February 11, 2026 was directly impaired by the consequences of **Exhibit G**, which unleashed unconstrained creditor collection against the estate. Where a dismissal order is the foreseeable downstream consequence of an erroneous prior order, both are subject to correction under Rule 60(b).

### B. The One-Year Bar Lacks Adequate Factual Findings

6

**25.** A one-year bar requires record-supported findings of bad faith. See In re Casse, 198 F.3d 327 (2d Cir. 1999). The exhibits affirmatively demonstrate good faith:

a. **Exhibit A**: Good-faith Chapter 13 filing.

b. **Exhibits B and C**: Technical deficiencies only, no substantive bad faith.

c. **Exhibit E**: Correctable technical issue, addressed after reinstatement.

d. **Exhibit F**: Judge Norton reinstated the case, recognizing the good-faith nature of the filing.

e. Debtor filed a viable Chapter 13 plan, appeared at the Meeting of Creditors on January 6, 2026, and cooperated with the Standing Trustee.

f. **Exhibit G**: The only structural impediment to plan confirmation was the erroneous no-stay ruling that enabled simultaneous creditor collection.

**26.** Under 11 U.S.C. § 109(g), no bar exceeding 180 days is authorized in this context. To the extent the one-year bar was imposed under § 105(a), the factual findings required for such an extraordinary sanction are not present and are contradicted by the newly discovered exhibits.

## C. Reinstatement Is the Appropriate Remedy

**27.** The proper remedy upon correction of Exhibit H is reinstatement of the case. See In re Rashid, 210 F.3d 201 (3d Cir. 2000). Reinstatement restores the parties to the status quo ante, permits the Chapter 13 plan to proceed to confirmation, and serves the fundamental rehabilitative purpose of the Bankruptcy Code.

## VII. RETROACTIVE EFFECT: ALL CREDITOR ACTIONS BETWEEN JANUARY 28, 2026 AND THIS ORDER ARE VOID

**28.** Upon granting this Motion, the automatic stay under 11 U.S.C. § 362(a) should be declared retroactively in full force and effect as of January 28, 2026 (the date of **Exhibit G**). Courts routinely declare a stay improperly found to be absent was in effect throughout, rendering intervening creditor actions void. See In re Knopfler, 322 B.R. 208 (Bankr. E.D.N.Y. 2005); 11 U.S.C. § 362(k).

**29.** All creditor actions taken between January 28, 2026 and the date of this Court's corrective order in violation of 11 U.S.C. § 362(a) are hereby declared reversed and void, including:

a. Any lawsuit filed or continued in any state or federal court against Debtor or property of the bankruptcy estate;

b. Any wage garnishment, bank account levy, or attachment;

c. Any foreclosure action, notice, or trustee sale regarding property of the estate;

d. Any repossession or lien placement on estate property;

e. Any enforcement by Aldasheva or her counsel of any judgment or property rights against Debtor; and

f. Any other act to collect, assess, or recover a claim outside the Chapter 13 plan process.

**30.** Any funds collected, property seized, or rights affected during this period must be returned to Debtor or the bankruptcy estate forthwith.

## VIII. IRREPARABLE HARM AND EMERGENCY NATURE

**31.** With the case dismissed and a one-year bar pursuant to **Exhibit H**, Debtor has no forum to invoke stay protection. Creditors—led by Aldasheva—may pursue foreclosure, garnishment, levies, and judgment enforcement without restraint until February 11, 2027. Once property is seized or sold, no monetary remedy can restore the status quo ante. The harm is immediate, ongoing, and irreparable.

## IX. NO PREJUDICE TO OPPOSING PARTIES

**32.** Granting this motion will not prejudice Aldasheva or any creditor. Each will receive payment through the Chapter 13 plan—the orderly, equitable, and congressionally designed process for exactly this situation. Aldasheva has filed a proof of claim. Creditors have no vested right to the absence of a bankruptcy stay when its factual basis has been shown to be incorrect.

## X. RELIEF REQUESTED

WHEREFORE, Debtor Brian L. Sexton respectfully requests this Honorable Court:

(a)  GRANT this Emergency Motion;

(b)  REVERSE Exhibit G (Doc. 92, January 28, 2026) — the Order Confirming No Stay — upon the newly discovered evidence of Exhibits D and F demonstrating 11 U.S.C. § 362(c)(4) does not apply;

(c)  REVERSE Exhibit H (Doc. 111, February 11, 2026) — the Order of Dismissal and One-Year Bar — as the proximate consequence of the erroneous Exhibit G and as unsupported by adequate bad-faith findings given Exhibits A through F;

(d)  REINSTATE case no. 25-18672 as an active Chapter 13 proceeding, with all deadlines and hearings reset;

(e)  DECLARE the automatic stay pursuant to 11 U.S.C. § 362(a) in full force and effect since August 22, 2025;

(f)  DECLARE the stay retroactively in effect as of January 28, 2026 (date of Exhibit G), and DECLARE VOID all creditor actions against Debtor or the estate from January 28, 2026 through the date of this Order;

(g)  ORDER all creditors, including Aldasheva, to immediately reverse, unwind, and return all property, funds, and rights seized or affected since January 28, 2026, within 14 days;

(h)  VACATE the one-year bar to refiling;

(i)  DECLARE 11 U.S.C. § 362(c)(4) inapplicable to this case;

(j)  ENJOIN all creditors from taking any action in violation of the automatic stay;

(k)  SCHEDULE an expedited hearing with shortened notice;

(l)  FIND that Aldasheva had actual notice of the stay (Exhibit D, mailed August 25, 2025; Exhibit F reinstatement, mailed October 9, 2025), and that actions taken after receipt may be willful stay violations subject to 11 U.S.C. § 362(k) sanctions by separate motion; and

(m)  GRANT such other and further relief as this Court deems just and proper.

Respectfully submitted,

Brian Sexton
By: /s/
540 N. Dearborn St. #10023
Chicago, IL 60610
bsextoneil@gmail.com

**/s/ Brian Sexton**

Brian Sexton, Pro Se
540 N. Dearborn St., #10023
Chicago, IL 60610
(708) 820-8170 | bsextoneil@gmail.com
Dated: March 8_, 2026

---

## CERTIFICATE OF SERVICE

I, Brian Sexton, hereby certify that on this _8_ day of _March_ 2026, I caused a true and correct copy of the foregoing Emergency Motion and the attached Exhibit List to be served via the Court's CM/ECF electronic filing system on all parties who have entered an appearance, including:

Jeffrey K. Paulsen, Esq. — Paulsen+Holtschlag LLC, 1245 S. Michigan No. 115, Chicago, IL 60605 | jpaulsen@ph-firm.com

Marilyn O. Marshall, Standing Trustee — 224 South Michigan, Ste. 800, Chicago, IL 60604

Brian Sexton
By: /s/
540 N. Dearborn St. #10023
Chicago, IL 60610
bsextoneil@gmail.com

**/s/ Brian Sexton**

9

Brian Sexton, Pro Se

540 N. Dearborn St., #10023
Chicago, IL 60610
(708) 820-8170 | bsextoneil@gmail.com

Dated: March 8_, 2026

10