### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| JUDGE | Nancy A. Peterman | **Case No.** | 25 B 18672 |
|---|---|---|---|
| **DATE** | March 10, 2026 | **Adversary No.** | |
| **CASE TITLE** | In re Brian L. Sexton | | |
| **TITLE OF ORDER** | Order Denying Debtor's Emergency Motion for Stay Pending Appeal [Docket No. 127] | | |

**DOCKET ENTRY TEXT**

Debtor Brian Sexton's emergency motion for stay pending appeal is denied.

### STATEMENT

This matter comes before the court on the emergency motion of debtor Brian Sexton ("Sexton") for a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007(a) and the related memorandum of law in support. Docket. Nos. 127 and 128.[1]  A hearing was held on the emergency motion on March 10, 2026 at which Sexton, counsel for the Chapter 13 trustee and counsel for Jamila Aldasheva ("Aldasheva") appeared.  Counsel for the Chapter 13 trustee and Aldasheva opposed the emergency motion for the reasons set forth on the record.

Having reviewed the emergency motion and the related memorandum of law in support, having considered the arguments made by Sexton and other parties in interest during the March 10, 2026 hearing, and having considered the record by taking judicial notice of the docket in this case and in Sexton's prior bankruptcy cases, the court denies the emergency motion for the reasons set forth herein. *See* Fed. R. Evid. 201; *Levine v. Egidi*, No. 93 C 188, 1993 WL 69146 at *2 (N.D. Ill. March 8, 1993) (authorizing a bankruptcy court to take judicial notice of its own docket) (citing *In re Fin. Partners*, 116 B.R. 629, 635 (Bankr. N.D. Ill. 1989)).

I.     Jurisdiction

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district court's Internal Operating Procedure 15(a).  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  Venue is proper under 28 U.S.C. § 1409(a).

II.     Background

In the last three years, Sexton filed four bankruptcy cases.  In each of these cases, Sexton has represented himself and not retained counsel.  He filed his first bankruptcy case on January 25, 2023, Case No. 23-bk-00974, in the United States Bankruptcy Court for the Northern District

---

[1]     Any docket references without a case number are referring to the case docket for this case, Case No. 25-bk-18672.

1

of Illinois, Eastern Division, before the Honorable Jacqueline Cox.  This bankruptcy case was filed after a series of rulings in favor of Aldasheva, as part of her petition for divorce from Sexton, which petition for divorce was filed in April 2019, Case No. 19-D-2943, in the Circuit Court of Cook County.  Docket No. 84 at 5 and 6.  Within two days of the commencement of Sexton's first bankruptcy case, Aldasheva filed a motion for stay relief so that she could take steps to enforce the divorce court's orders regarding property.  *See* Case No. 23-bk-00974, Docket No. 10.   That motion was granted.  *See* Case No. 23-bk-00974, Docket No. 20. On April 10, 2023, Sexton's first bankruptcy case was dismissed on the grounds that Sexton exceeded the debt limit under 11 U.S.C. § 109(e) and was not eligible for relief under chapter 13 of the Bankruptcy Code.  *See* Case No. 23-bk-00974, Docket No. 61.

Sexton filed his second bankruptcy case on October 7, 2024, Case No. 24-bk-14852, in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, before the Honorable David D. Cleary.  This second bankruptcy case was filed just before the final day of evidence in the divorce case.  Docket No. 84 at 6.  Again, Aldasheva filed a motion for relief from the automatic stay and again the motion was granted.  *See* Case No. 24-bk-14852, Docket Nos. 14 and 20.  In November 2024, the chapter 13 trustee filed a motion to dismiss the bankruptcy case because Sexton failed to file the required schedules and chapter 13 plan.  Sexton filed some of the documents but not all.  On January 14, 2025, the court granted the chapter 13 trustee's motion to dismiss.  *See In re Sexton*, 2025 WL 243176 (Bankr. N.D. Ill. Jan. 14, 2025).

Sexton filed his third bankruptcy case approximately six months later on June 26, 2025, Case No. 25-bk-09774, in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, before the Honorable Donald R. Cassling.   This third bankruptcy case was filed after the court in the divorce case had closed all proofs in the divorce trial and likely was about to issue the Judgment for Dissolution of Marriage.  Docket No. 84 at 7.  Again, Sexton failed to file the required schedules and chapter 13 plan.  The trustee filed a motion to dismiss and the court granted that motion on July 10, 2025. Case No. 25-bk-09774, Docket No. 20.

A month later, on August 8, 2025, Sexton filed his fourth bankruptcy petition, which is this case, Case No.25-bk-18672.  However, this case did not begin in the Northern District of Illinois.  Instead, Sexton initially filed this case in the Western District of Missouri.  The chapter 13 trustee there moved to transfer the case to the Northern District of Illinois on the grounds that Sexton's domicile, residence, principal place of business or principal assets are not in Missouri but here in Illinois.  On November 25, 2025, the motion was granted, and the case was transferred here and assigned to the Honorable Deborah L. Thorne.  Docket No 67.  On January 20, 2026, Aldasheva filed a motion under 11 U.S.C. §1307(c) to dismiss the case on the grounds that: (1) Sexton does not have regular income, as required in chapter 13 cases by 11 U.S.C. §109(e); (2) Sexton is over the debt limit for chapter 13 debtors provided by the same section; and (3) Sexton filed this case in bad faith.  Docket No. 84.  As part of the motion to dismiss, she also requested a one-year bar to filing a new bankruptcy case because Sexton's bankruptcy cases were filed for no purpose other than to delay the divorce proceedings.  Despite having three weeks between the filing of the motion and the hearing date, Sexton filed a barebones Notice of Objection to the motion, but no substantive response.  Docket No. 105.

2

On February 11, 2026, Judge Thorne held a hearing at which Sexton, counsel to the Chapter 13 trustee and counsel to Aldasheva appeared.[2]  She gave Sexton the opportunity to be heard. He did not rebut any of the allegations in Aldasheva's motion.  His primary argument was that he was in the process of retaining counsel, six months after he filed this last case.  He also alleged that certain claims filed by Aldasheva were fraudulent causing him to exceed the debt limits to be eligible for Chapter 13 relief.  Sexton, however, had failed to object to any of these claims after being in bankruptcy for six months.   For the reasons set forth on the record, Judge Thorne granted Aldasheva's motion to dismiss the case and imposed a one-year bar to prevent the filing of any additional bankruptcy cases by Sexton.  Given that Mr. Sexton was a frequent filer, failed to make payments to the Chapter 13 trustee, and was having the same disputes in each of his cases, Judge Thorne explained that the bar was necessary to allow the divorce proceedings to move forward in divorce court.  Judge Thorne referenced the following facts to support her ruling:

- the prior bankruptcy cases that were filed by Sexton and dismissed;
- the lack of income to support the case;
- Sexton's failure to make payments to the Chapter 13 trustee.  Sexton had made only one payment to the Chapter 13 trustee in the Missouri case and no payments to the Chapter 13 trustee since the case was transferred to Illinois; and
- the lack of an automatic stay in the cases.  Given that Sexton was a repeat filer and had two prior cases dismissed, he was not entitled to the protections of the automatic stay and had failed to seek a court order to impose the automatic stay within 30 days of commencement of his most recent bankruptcy case.  See 11 U.S.C. § 362(c)(4).

On February 23, 2026, after dismissal of Sexton's fourth bankruptcy case, a judgment for dissolution of marriage was entered in the divorce case.  Docket No. 128 at 3.  The judgment imposes retroactive child support, maintenance and property division obligations on Sexton.  *Id.*

On February 25, 2026, Sexton filed a Notice of Appeal from Judge Thorne's order dismissing his case and imposing the bar.[3]  In it, he asserts that there are four issues on appeal: (1) whether he received an adequate hearing before dismissal; (2) whether the one-year refiling bar is an abuse of discretion; (3) whether the January 28, 2026 no-stay order was properly analyzed; and (4) whether the court failed to apply the cure provisions of 11 U.S.C. §1307(c).  On March 5, 2026, he filed this emergency motion for a stay pending appeal.

---

[2]   In addition to addressing Aldasheva's motion, Judge Thorne also heard Sexton's motion to reconsider a non-discretionary order she entered on January 28, 2026.  Docket No. 106.  Under 11 U.S.C. §362(c)(4), if a debtor had two or more bankruptcy cases pending within the year prior to his current case and those cases were dismissed, the debtor is not entitled to the benefits of the automatic stay.  A debtor may file a motion requesting imposition of the stay, but that motion must be filed within 30 days of filing the case. Sexton did not file a motion requesting imposition of the stay.  Aldasheva filed a motion under §362(c)(4)(A)(ii), requesting an order confirming that the stay was not in effect. That order was entered on January 28, 2026.  Docket No. 92. Sexton then filed a motion to reconsider.  Docket No. 106.  Judge Thorne denied that motion as moot when she dismissed the case.  Docket No. 110.  Finally, Judge Thorne also denied as moot Sexton's own motion to dismiss his Chapter 13 case. Docket Nos. 98 and 108.

[3]   Subsequent to the entry of the February 11, 2026 orders by Judge Thorne, Sexton's case was transferred to this bankruptcy judge.

3

III.     Emergency Motion for Stay Pending Appeal

Federal Rule of Bankruptcy Procedure 8007 governs the procedure for stays pending appeal. A motion for a stay pending appeal is an exceptional form of relief and requires a considerable showing from the movant.   *In re Beswick,* 98 B.R. 904, 907 (N.D. Ill. 1989).  A court reviews four factors in determining whether to grant a motion for a stay pending appeal:

(1) whether the appellant is likely to succeed on the merits of the appeal;

(2) whether the appellant will suffer irreparable injury absent a stay;

(3) whether a stay would substantially harm other parties in the litigation; and

(4) whether a stay is in the public interest.

*Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997); *In re Quade*, 496 B.R. 520, 526 (Bankr. N.D. Ill. 2013).

The first two factors are the most critical, and the burden is on the movant to satisfy them. *Nken v. Holder*, 556 U.S. 418, 434 (2009). "If the movant can make these threshold showings, the court then moves on to balance the relative harms considering all four factors using a "sliding scale" approach. However, *if the movant does not make the requisite showings on either of these two factors*, the court's inquiry into the balance of harms is unnecessary, and the stay should be denied without further analysis." *Forty-Eight Insulations*, 115 F.3d at 1300-01 (citation omitted) (emphasis added).

A.  Likelihood of Succeeding on The Merits

Sexton is not likely to succeed on the merits of his appeal.  Under 11 U.S.C. § 1307(c), the court may, on request of a party in interest and after notice and a hearing, dismiss a chapter 13 case "for cause" and preclude the debtor from further filings. *In re Bell*, 125 F. App'x 54, 57 (7th Cir. 2005); *In re Hall,* 304 F.3d 743, 746 (7th Cir.2002).  "Cause" includes, but is not limited to, a debtor's unreasonable delay and failure to make plan payments.

Dismissals with a bar under 11 U.S.C. § 349 are reserved for situations where a debtor has acted in bad faith.  *See In re Hall*, 304 F.3d at 746.  Although serial filings are not bad faith per se, "a debtor's history of filings and dismissals may be evidence of bad faith." *In re Rios*, No. 13 B 11076, 2016 WL 8461532, at *3 (Bankr. D. Kan. Dec. 9, 2016). For example, filing a chapter 13 bankruptcy case without any ability or intent to reorganize is an abuse of the bankruptcy process. *In re Fumbanks*, 667 B.R. 20, 26 (Bankr. N.D. Ill. 2025); *In re King*, 126 B.R. 777, 781 (Bankr. N.D. Ill. 1991).

Recently, in *Fumbanks*, the court ordered a two-year bar based on the debtor's "serial bankruptcy filings, without any showing that he intends to go forward with a plan of reorganization," because there was evidence of bad faith.  *Fumbanks*, 667 B.R. 20, 26 (Bankr. N.D. Ill. 2025). In *In re Nixon*, No. 05-12169, 2005 WL 4041163 (Bankr. S.D. Ohio May 18, 2005), the court imposed a three-year bar, finding that the debtor's five bankruptcy cases within three years were prejudicial to her creditors and a waste of judicial resources.  In *In re McCoy*, 237 B.R. 419, 423 (Bankr. S.D. Ohio 1999), the court imposed a permanent bar to refiling on a debtor who filed eight bankruptcy cases in eight years and successfully completed only one case. The court found that the debtor's behavior "appears to be motivated by a desire to delay foreclosure and other collection efforts of his creditors."

4

Here, Sexton filed four bankruptcy cases in three years in an effort to thwart the divorce proceedings with Aldasheva. None of these cases was successfully completed – Sexton was either found ineligible for Chapter 13 or failed to complete the necessary documentation to allow his cases to proceed. In support of dismissal of this case, Judge Thorne found that Sexton did not have the income necessary to support a chapter 13 plan of reorganization and that he had made only one payment to the Chapter 13 trustee during the six months this case has been pending with no payments since the case was transferred to this court. During the prior bankruptcy cases, no payments were made to the Chapter 13 trustee. In each of his prior cases, he failed to file required documents and make required payments. He has not acted in a way that shows an intent to reorganize his debt. This is not a legitimate use of the bankruptcy process, demonstrates bad faith, and is grounds to both dismiss the bankruptcy case and put a bar in place. Judge Thorne's one-year bar was within her discretion under the circumstances of Sexton's behavior over the last three years.

Sexton's likelihood of success argument is that he did not receive due process, that the one-year refiling bar is not proportional[4] and that the court failed to apply a mandatory cure opportunity that he says is in 11 U.S.C. § 1307. Sexton received ample due process and failed to take advantage of it. He could have filed a substantive response to Aldasheva's motion in the three weeks between its filing and the hearing date, but did not. Arguments not raised are waived. *Nichols v. Michigan City Plant Planning Dept.*, 755 F.3d 594, 600 (7th Cir. 2014). During the March 10 hearing on this emergency motion, Sexton primarily argued that Aldasheva and her counsel filed fraudulent claims causing his case to be dismissed. Sexton, however, confirmed that he had not filed any objections to those claims during the six months his case was pending and provided no details as to why those claims were allegedly fraudulent. The one-year bar is proportional to the three years Sexton has been abusing the bankruptcy system by filing cases to obtain the benefits of the automatic stay and then not complying with his duties as a debtor to file the required documentation, file objections to claims if disputed or make payments to the chapter 13 trustee.

Further, Sexton's reference to the court's failure to apply the cure provisions of § 1307(c) is irrelevant because there are no such cure provisions in that section of the Bankruptcy Code. Moreover, Sexton had three prior cases and over six months in this case to propose plan modifications, cure payment defaults and complete the necessary filings for a proper Chapter 13 case. He was afforded a meaningful opportunity to cure.

Finally, Sexton requests that the court "reinstate" his dismissed case and the automatic stay. As noted in Judge Thorne's ruling on February 11, 2026, there is no automatic stay in this case. Sexton had thirty days from the commencement of this case to request that the court impose the automatic stay and failed to do so. There is nothing that this court can do to "reinstate" the automatic stay based on the plain language of Section 11 U.S.C. under § 362(c)(4). Further, the order entered on January 28, 2026 was a non-discretionary order for Aldasheva under §

---

[4] Sexton cites *In re Smith*, 582 B.R. 795 (Bankr. N.D. Ill. 2018) for the proposition that "courts in this jurisdiction have held that imposition of any extended bar … requires a more particularized factual finding than a routine dismissal for payment default." That may be true, but (1) this was not a routine dismissal for payment default; and (2) this citation does not exist.

362(c)(4)(A)(ii), confirming that the automatic stay had never been imposed in Sexton's fourth bankruptcy case based upon the plain language of 11 U.S.C. § 362(c)(4).  Contrary to Sexton's assertions at the hearing on March 10, 2026, there is no order entered on the docket in this case that imposes the automatic stay.

For all of these reasons, Sexton has not met his burden to show likelihood of success on the merits.

B.  Irreparable Injury

Sexton has also failed to demonstrate that he will be irreparably harmed if he does not receive a stay pending appeal.  He states that without a stay, he faces immediate enforcement of a Judgment for Dissolution of Marriage imposing child support, maintenance and property obligations.  Other creditors will resume collection activities.  A stay pending appeal will not change any of these circumstances.

If the dismissal of his recent case is stayed and the case reinstated, he will be in a case with no automatic stay and no way to get one.  Because Sexton had two prior cases within a year of this last case, he does not receive the benefits of the automatic stay.  11 U.S.C. § 362(c)(4).  He could have filed a motion to impose the automatic stay, but that had to be filed within 30 days of filing the case.  *Id*.  He did not do that.  If there is a stay of the bar, he could file another case, but he would be in the same position of having to file a motion to get the automatic stay imposed. Getting it imposed would be a high standard for him to meet because of his history of repeat filings, his eligibility issues, and the fact that his financial situation is unlikely to have changed.  *See* 11 U.S.C. § 362(c)(4)(D).  Therefore, the harm that will come to Sexton if this emergency motion is denied is no different from the harm that he will suffer if it is granted.  A stay pending appeal will not save him from his financial woes.

IV.    Conclusion

Sexton has not met his burden that he is likely to succeed on the merits of the appeal or that he will be irreparably harmed without a stay.  Without meeting the preliminary threshold of the first two factors for a stay pending appeal, the court need not consider the last two factors. Given that Sexton has not met his burden for a stay pending appeal, the court need not address his request for waiver of any bond.  For the reasons set forth herein, the emergency motion is denied in its entirety.

**DATED**: March 10, 2026                    **ENTERED**:

_____
Nancy A. Peterman
United States Bankruptcy Judge